RENDERED:  JULY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0276-MR

WALEED MOURAD                                        APPELLANT


                 APPEAL FROM FAYETTE CIRCUIT COURT
v.              HONORABLE KIMBERLY N. BUNNELL, JUDGE
                     ACTION NO. 23-CI-02064


U.S. BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE FOR
RCAF ACQUISITION TRUST FOR
SPECIALIZED LOAN SERVICING,
LLC                                              APPELLEE


OPINION
DISMISSING

** ** ** ** **

BEFORE:  COMBS, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  This is a foreclosure case.  Appellant is Waleed Mourad

("Mourad").  Appellee is U.S. Bank Trust National Association, not in its

individual capacity but solely as Owner Trustee for RCAF Acquisition Trust for Specialized Loan Servicing, LLC ("U.S. Bank").

The Fayette Circuit Court granted summary judgment to U.S. Bank on its foreclosure claims and directed Mourad to pay $96,000.00 within seven days to avoid an order of sale. Mourad timely paid the $96,000.00, and the court ordered the mortgage lien released. U.S. Bank subsequently moved to dismiss the action in circuit court, and the court granted dismissal without objection. The appeal is taken from the circuit court's February 18, 2025, order denying Mourad's motion for reconsideration. For the following reasons, we dismiss this appeal as moot.

In his *pro se* brief, Mourad argues the trial court erred by accepting an unexplained increase of nearly $10,000 in the payoff amount and enforcing $15,101.57 in disputed charges without documentation. He further asserts that U.S. Bank lacks standing and that he is entitled to restitution and interest.

U.S. Bank asserts: 1) Mourad's arguments were not preserved because they were not properly presented to the circuit court; 2) the appeal is moot because Mourad voluntarily paid the $96,000.00 and the case was dismissed; and 3) summary judgment was proper because U.S. Bank supported its motion with loan and mortgage documentation while Appellant failed to present any evidence to overcome summary judgment.

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B&R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citation omitted). With this standard in mind, we return to record and law at issue here.

As previosuly mentioned, Mourad paid the $96,000.00 to have the lien released, the court ordered the lien released, and the underlying case was dismissed without objection. Accordingly, the relief Appellant now seeks would have no effect on the already released lien and dismissed case. The appeal is therefore moot.[1]

Even if the issues here were not moot, the record supports the circuit court's judgment. U.S. Bank provided affidavits and loan records. In contrast, Appellant does not appear to have presented affirmative evidence disputing the material facts or U.S. Bank's entitlement to a judgment. Instead, the dispute is the amount ordered. Yet, Mourad ultimately paid the lien amount and attendant assesments pursuant to the court's judgment without reservation or preservation of

---

[1] The Court previously issued an order to show cause as to why this appeal should not be dismissed as moot. On September 9, 2025, an order was entered finding sufficient cause. However, we are not bound by such preliminary decisions. *Commonwealth Bank & Tr. Co. v. Young*, 361 S.W.3d 344, 350 (Ky. App. 2012) ("This Court retains authority to review decisions on motion panel that do not finally dispose of the case when the case is considered by a full-judge panel to which it is assigned.").

a legal claim that could be subject to redress before this Court on appeal.  For the foregoing reasons, the present appeal is hereby DISMISSED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Waleed Mourad, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Blake Embry
Columbus, Ohio